UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN HOSPITAL ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, <br><br> Defendant. | Civil Action No. 14-cv-00851 (JEB) |

## DECLARATION OF MCARTHUR ALLEN

I, McArthur Allen, declare as follows:

1. I am the Chief Administrative Law Judge for the Office of Medicare Hearings and Appeals (OMHA) within the Department of Health and Human Services (HHS or Department), which organizationally, is located within the Office of the Secretary. I have held this position since November 8, 2020. Among my duties, I oversee the Administrative Law Judge (ALJ) level of review, which is generally the third level of a five-level appeals process, for individual Medicare coverage and payment claims under Medicare Parts A, B, C, and D, as well as appeals arising from claims for entitlement to Medicare benefits and disputes of Part B and D premium surcharges.

2. The statements made in this declaration are based on my personal knowledge, information contained in agency files, and information furnished to me in the course of my official duties.

3. OMHA has continued to work diligently to reduce the backlog of pending appeals. As of March 31, 2023, the total number of appeals pending at OMHA is 8,212. Of those, there are 663 appeals pending at OMHA that are subject to, but have not been decided within, the 90-day time frame set forth in 42 U.S.C. § 1395ff(d)(1)(A) and applicable regulations (the "backlog"). This number represents a 99.84% reduction of the backlog of 426,594 appeals that were projected to be pending at OMHA when the Court issued its November 1, 2018 order (2018 Order), as well as appeals received after the date of the 2018 Order that are subject to, but have not been decided within, the 90-day time frame. The Medicare Appeals Dashboard for Q2 of FY 2023 (ending March 31, 2023) is attached as Exhibit 1. The Medicare Appeals Dashboard for Q2 of FY 2023 shows that dispositions continue to exceed receipts. For the first two quarters of FY 2023, OMHA received approximately 20,885 new appeals and adjudicated 33,364 appeals.

4. The 663 appeals referenced in ¶ 3 include 623 appeals that have been identified as currently subject to events that extend or waive the statutory deadline for an appeal, including extensions, other tolling events, or waivers of the adjudication time frame, which means that only 40 of those appeals are not currently subject to such events. However, because an appeal's deadline is not adjusted until the tolling event or waiver time frame closes, it is not possible with the data available to report how many and which of these 623 appeals have actually exceeded the deadline for decision. Previously, because of the size of OMHA's workload, OMHA did not consistently track extensions or other tolling events that delay or waive the adjudication deadline; as a result, those events were underreported in workload data. With the backlog significantly decreased, OMHA is more consistently tracking extensions and other tolling events affecting appeal deadlines. Even so, given OMHA's prior practice and the time to ramp up tracking, it is likely that more appeals are within the decision deadlines than the current data

reflects. Further, the number of appeals includes some appeals not subject to the 90-day timeline of 42 U.S.C. § 1395ff(d)(1)(A), such as Part A and Part B appeals when a Quality Improvement Organization has issued a reconsideration under section 1155 of the Act; appeals arising from organization determinations made by Part C Medicare Advantage organizations; and appeals of Medicare eligibility and entitlement determinations, Part B and D Income-Related Monthly Adjustment Amount determinations, and Part B late-enrollment penalty determinations made by the Social Security Administration.

5. Of the 663 appeals referenced in ¶ 3, approximately 7 appeals were coded as acute inpatient hospital appeals, and none were coded as acute inpatient rehabilitation facility appeals, collectively constituting 1.0% of the current backlog. Approximately 58 backlogged appeals are big-box appeals, which consist of a single appeal contesting prior administrative determinations on 30 or more (sometimes hundreds or thousands) individual claims and often cannot be decided within 90 days given their complicated nature and the high number of claims involved. There are 15 backlogged RAC appeals, which is a 99.96% reduction from the 437,524 RAC appeals as of FY 2015.

6. As of March 31, 2023, appeals filed in FY 2023 make up 76.65% of the current backlog of 663 appeals. The composition of the backlog as of March 31, 2023, is as follows:

- 76.6% of backlogged appeals are from FY 2023 (508)
- 22.17% of backlogged appeals are from FY 2022 (147)
- 0.60% of backlogged appeals are from FY 2021 (4)
- 0.45% of backlogged appeals are from FY 2020 (3)
- 0.15% of backlogged appeals are from FY 2019 (1)

The quartile-age of all pending appeals is as follows:

- 25th percentile: 17 days
- Median: 36 days
- 75th percentile: 58 days

7.  OMHA cannot guarantee that it will timely adjudicate all appeals pending over the 90-day statutory deadline for Medicare Parts A and B because of big-box and unusually complex appeals and because OMHA does not have control over, nor can it predict with certainty in advance, what new appeals will be filed, when those appeals will be filed, how many appeals will be filed at the same time, or the overall volume of appeals, their subject matter, size, or complexity. OMHA, however, anticipates that its adjudication capacity will be sufficient to further reduce the backlog and adjudicate the vast majority of incoming appeals within the statutory deadline.

8.  I understand Plaintiffs previously have asked the Court to require HHS to provide the aggregate amount in controversy in the remaining backlogged appeals. OMHA is unable to provide reliable data as to the total amounts in controversy for backlogged appeals because the amount in controversy is a case-by-case determination made by the ALJ or attorney adjudicator pursuant to 42 C.F.R. § 405.1006(d). OMHA has access to the Medicare Appeals System (MAS), which typically provides the amount billed by the provider, not the Medicare allowable amount and does not account for applicable deductibles, coinsurance, or copayments. Billed amounts are typically significantly higher than the Medicare allowed amounts. The amount payable to the provider is calculated only after the provider receives a favorable or partially favorable decision from an adjudicator. Additionally, these amounts are not always updated in the administrative record if there have been any partially favorable results at previous levels of appeal.

4

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on 04/06/23 in Arlington, Virginia

*McArthur Allen*

McArthur Allen